# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-167 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Gage Anthony Norris, | |
| Defendants. | |

This matter comes before the Court on the parties' Joint Motion for Continuance of the Motions Hearing (ECF No. 46). On October 13, 2020, the Government learned that one of its material witnesses would be unavailable for the motions hearing on October 16, 2020 due to a sudden family matter.  (*Id.* at ¶ 6.)  The parties requested the Court continue the hearing "one week or as soon thereafter as the Court's and Counsel's schedule permits." (*Id.* at ¶ 7.)

As previously stated (*see generally* ECF No. 40), beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1]  General Order No. 18, entered on August 27, 2020, vacates General Order No. 17, entered on June 26, 2020.  *See generally In re: Updated Guidance*

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

*to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 18 (D. Minn. Aug. 27, 2020).[2]

General Order No. 18 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. General Order No. 18 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.

General Order No. 18, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and extending the COVID-19 peacetime emergency through September 11, 2020; (3) the Governor of the State of Minnesota issuing Emergency Executive Order 20-74, Continuing to Safely Reopen Minnesota's Economy and Ensure Safe Non-Work Activities during the COVID-19 Peacetime Emergency, which continues to place several restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilities impacting the abilities of pretrial detainees to consult with legal counsel and appear in-person at a

---

[2] This Court is aware and takes note of General Order No. 19, which went into effect on September 26, 2020. This Order extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020).

U.S. Courthouse; (5) the Bureau of Prisons' modified operations affecting inmate movement; and (6) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, General Order No. 18 states the following concerning the Speedy Trial Act:

> Where appropriate, the presiding judge may enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act. The presiding judge may extend deadlines and exclude time under the Speedy Trial Act in cases even when certain proceedings are held using videoconferencing or telephone conferencing to address delays attributable to COVID-19.

Again as previously stated, the Court inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. (ECF No. 40 at 3; *see generally* ECF Nos. 13, 38.) Defendant has indicated through counsel that he does not consent to videoconferencing for the criminal motions hearing. (ECF No. 40 at 3, *see generally* ECF No. 39.) Consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the in-person criminal motions hearing will be continued to November 20, 2020.

Therefore, pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to allow for the appearance of the Government's material witness (whose unavailability was not attributable to a lack

3

of diligent preparation or an absence of due diligence) and to make efficient use of the parties' resources. Additionally, for the reasons addressed in General Order Nos. 18 and 19 and the well-documented concerns regarding COVID-19, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion for Continuance of the Motions Hearing (ECF No. 46) is **GRANTED**.

2. The period of time from **October 13 through November 20, 2020**, shall be excluded from Speedy Trial Act computations in this case.

3. The criminal motions hearing is continued to **November 20, 2020, at 10:00 a.m., in Courtroom 3A of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, ST. PAUL, MN 55101.**

4. **The trial date and other related dates will be at a date and time to be determined. Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

Dated: October     23    , 2020            *s/Tony N. Leung*
                                            TONY N. LEUNG
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *United States v. Norris*
                                            Case No. 20-cr-167 (NEB/TNL)

4